

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,718-01

### EX PARTE HECTOR ACOSTA, Applicant

### ON MOTION FOR EXTENSION OF TIME TO FILE APPLICATION
### FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 1513043D
### IN THE 396TH JUDICIAL DISTRICT COURT
### TARRANT COUNTY

*Per curiam.* YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.

### O R D E R

Applicant's initial application for a writ of habeas corpus is due to be filed in the trial court soon. He has now filed, pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 4A, a preemptive motion for an extension of time to file that application.[1]

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

In November 2019, a jury convicted Applicant of a 2017 capital murder and the trial court sentenced him to death.[2]  Shortly after sentencing, the trial court appointed the Office of Capital and Forensic Writs (OCFW) to represent Applicant in an Article 11.071 post-conviction writ of habeas corpus.  Pursuant to the time frame set out in Article 11.071, §§ 4(a) and 4(b), and assuming Applicant timely filed for and the trial court timely granted the statutorily allowed 90-day extension, Applicant's initial application for a writ of habeas corpus is due to be filed in the convicting court on or before December 15, 2022.

In the motion currently before this Court, counsel requests a 180-day extension in which to file Applicant's habeas application.  To demonstrate good cause for the extension request, counsel asserts, among other reasons, that:  an emergency medical condition prevented lead counsel from working on the case for six months and the Covid-19 pandemic created multiple hurdles to investigating the case, especially on an international level.

Although we find Applicant's motion somewhat lacking in specificity regarding OCFW's ability to investigate and proceed on the case, we recognize that lead counsel's incapacitation and the pandemic have created hurdles.  Accordingly, we find that counsel has shown good cause for an extension of time to file Applicant's initial application for a writ of habeas corpus.  Counsel has 30 days from the current due date, or until January

---

[2] Applicant's direct appeal is pending in this Court.  *Acosta v. State*, No. AP-77,092.

17, 2023, to file Applicant's initial habeas application in the convicting court.[3] *See*

Article 11.071, § 4A.

IT IS SO ORDERED THIS THE 29th DAY OF NOVEMBER 2022.

Do Not Publish

---

[3] Thirty days from the original due date would actually be Saturday, January 14, 2023, and the following Monday is a holiday. Therefore, under the Texas Rules of Appellate Procedure, an application filed on or before Tuesday January 17, 2023, would be considered timely filed.